Good morning, Judge O'Scanlan, Judge Fletcher, and Judge Hellerstein. I had the opportunity to file an oversize reply brief and got an opportunity by virtue of that and the four or five 28J statements that I submitted to say just about everything I want to say in this case. The only thing that I can think of to say standing here is simply anecdotal, and it's this. I read an article by Adam Litak in Tuesday's New York Times about an argument before the United States Supreme Court on Monday in a case whose name I've forgotten. And the questioning from the bench indicated that the justices on both sides of what one might call the political divide were very skeptical about the government in that case who was seeking a statutory penalty getting an exemption just because it was the government from a statute of limitations. And I think that that questioning is indicative of what's happening in this case, and that is that the government wants to be exempt from the rule, which I think is quite firm in this circuit, that the appropriate way to deal with this situation is by a deposition and not through interrogatories. And unless there are any questions, I have nothing I can think of to add. Well, I have a question. How do we have appellate jurisdiction? This looks like an interlocutory appeal, and Mohawk suggests to me that we – I mean, the rule in the circuit used to be that an order requiring the revelation of ostensibly privileged documents was appealable as a collateral order. There was a circuit split. The United States Supreme Court resolves it in Mohawk, saying, no, that's not appealable as a collateral order. So why do we have jurisdiction? It doesn't apply to Habeas cases. I think the Crane case is the law in this circuit on that. Crane stands for the proposition that Mohawk does not affect jurisdiction in this kind of case. Mohawk applies – was an employment discrimination case, if I recall correctly. It's not a Habeas case. There are special Habeas rules that apply. And I think under Crane, it's clear in this circuit that jurisdiction on an interlocutory appeal such as this one is not affected at all. Okay. Unless there are any other questions, I'll stop. No further questions, Mr. Yadlin. We'll hear from the other side. May it please the Court. Alka Sager for the United States. Under the collateral order doctrine, only certain claims are interlocutory appealable. This claim is not appealable. As set forth in the government's brief, the United States Supreme Court has ruled in Mohawk that discovery orders that are adverse to the attorney-client privilege are not immediately appealable. In Crane, this Court limited Mohawk to those. I'm sorry, counsel. In Crane, what happened? I didn't hear you. Excuse me. In Crane, the question as to whether or not Crane limits Mohawk in any way under the Perlman doctrine. I mean, in Crane, this Court held that Perlman survives Mohawk, but only in two situations, where the material that is subject to disclosure has not been disclosed and where the privilege holder or the custodian of the privileged records is not a party to the underlying litigation and, therefore, is unable to seek review after final judgment. In this case, Mr. Yadlin is a party to the habeas petition that he has filed, and any determination of an erroneous evidentiary ruling on the part of the district court in ordering the attorney-client privileged information to be disclosed to the government can be reviewed after final judgment. After the district court has denied or granted or denied Mr. Yadlin's petition, he can then appeal that denial to this court, and this court can have the benefit of the entire record in determining whether there was a violation of the disclosure order, whether the government improperly used the attorney-client information in defeating the ineffective assistance counsel claim, or whether the ineffective assistance claim could be decided without the benefit of the privileged information. This court can make that decision after reviewing the complete record. This case is not subject to interlocutory appeal because Mr. Yadlin has the ability to obtain review after final judgment. Is Biddeker still good law? I'm sorry? Is Biddeker still good law after Mohawk? In Biddeker, the rule, the issue on appeal was not whether the petitioner in the Habeas case had waived the attorney-client privilege by raising an ineffective assistance of counsel claim. Parties agreed that the material that the government sought to defeat the claim was discoverable. The issue in Biddeker was whether or not the government could use that information beyond the Habeas context, whether or not it could use the information in a future retrial against the petitioner. And so when Mr. Yadlin argues in his briefs that he should be entitled to obtain appellate review of Judge Wilson's order permitting the government to seek information through interrogatories from Mr. Yadlin's former appellate counsel before making that choice whether to abandon his claim of ineffective assistance of counsel or whether to pursue the claim and allow the government to have the information, relying on Biddeker for that argument, the situation in Biddeker was different because there the petitioner was forced to determine, really needed to have a ruling in order to determine whether the information disclosed could then be used against him in a future case. So I gather your answer is Biddeker may be good law, but it doesn't apply here. It doesn't apply here. And the district court's protective order limiting the government to the use of any of Mr. Yadlin's former appellate counsel, limited to the litigation of the habeas claim, fully complies with Biddeker. And that's really what Biddeker stands for. If the Justices have no other questions, I'd submit them. Roberts. No further questions. Thank you, Counsel. Thank you. Mr. Yadlin, you have some reserved time. Thank you. I think the answer to the question put by Judge Fletcher is that Biddeker still is good law, and I don't think it's inapposite to the situation here. This case is the same as Perlman because Perlman protected against the use, not the discovery of, the subject information. And that's the case here as well. I think Crane is good law and that Mohawk does not overrule Perlman. And I think the main reason that Mohawk does not overrule Perlman and doesn't deprive this court of subject matter jurisdiction in this interlocutory appeal is because Mohawk said expressly that an interlocutory appeal would not lie if there could be an effective appeal from a final judgment. I think that was written by Judge Hellestein's former colleague in the district court, the Southern District Judge, Justice Sotomayor. Mohawk doesn't apply because on appeal from a final judgment, there isn't really any question among people who know appellate law very well that the harmless error doctrine would apply. There isn't ever going to be any viable appeal from a final judgment in this case if this court, on this issue, if this court doesn't deal with the issue now. The entire record in this case isn't needed to resolve the very narrow issue in this case. Counsel, lay that out. I'm not sure I understand that part of your argument. I'm sorry. Mohawk indicated that it would be applicable to bar an interlocutory appeal where there could be an effective appeal from a final judgment. But why do you say there could not be an effective appeal in this case? Because the harmless error doctrine will eat up and do away with the issue in this case, which is not of constitutional magnitude, and it will be declared to be harmless error if it's raised on an appeal from a final judgment. I think the government has all but admitted that in its briefing. So if there can't be an effective appeal because of harmless error on this issue from a final judgment, then Mohawk doesn't operate to bar an interlocutory appeal. I think you just made an argument as to why Mohawk was wrongly decided, but there it is. I mean, the same can be said, I think, for what was going on in Mohawk. But there was an escape hatch in Mohawk, and it's expressed and it's written that it would apply only where you couldn't effectively appeal the issue on an appeal from a final judgment. There's no question that on an appeal from a final judgment, if this comes to that, the government is going to argue harmless error as to this issue, and they're going to be successful. Last, if this Court doesn't agree that there is subject matter interlocutory appellate jurisdiction, then we have made, I have made a request that the Court deal with the issue by way of mandamus. I think that, as I've argued in the briefs, there is mandamus jurisdiction to address this issue. I have nothing more. No questions. Thank you very much, Mr. Eggman. The case just argued will be submitted for decision.
judges: Hellerstein, O'scannlain, Fletcher